POUNTAINE *v.* FLETCHER *et al.*

(Division A.   Feb. 24, 1930.)

[126 So. 471.   No. 27559.]

J. M. Cashin and Farish & Bell, all of Greenville, for appellant.

**Percy & Percy,** of Greenville, for appellees.

**Cook, J.,** delivered the opinion of the court.

This suit grows out of a lease contract, and was instituted by Thomas Pountaine, lessee, against Leon Fletcher amid Rosa H. Fletcher, lessors; and from a judgment in favor of the defendants on all counts of the declaration, this appeal was prosecuted. The lease contract upon which the suit is based was executed by and between appellant and appellees on the 15th day of March, 1918, and thereby the appellees leased to the appellant the Cowan Hotel property, in the city of Greenville, for a period of ten years, at a rental of one thousand dollars a month. Section 1 of the lease contract shows that it was a lease of a furnished hotel and all equipment thereunto belonging and therein contained, and the other provisions of the contract upon which the several counts of the declaration are based will be set forth in the statement of the pleadings developing the issues presented thereby. The original declaration was in four counts, but the appellant voluntarily entered a nonsuit as to the fourth count, and, consequently, no further reference will be made thereto. The remaining three counts presented separate and distinct causes of action based upon separate provisions of the contract; and the pleadings, proof, and our conclusion upon these several counts, will be separately stated. Before the pleadings were settled,

there were numerous demurrers and motions interposed, and amendments made, but we shall only refer to the pleadings as finally amended and such parts thereof as appear to be necessary to make apparent the issues presented and decided in the court below.

The first count as finally amended sought to recover three thousand two hundred seventy-four dollars and twenty-four cents for provision and supplies. alleged to have been turned over to the appellees at the end of the lease, as shown by an inventory filed with, and as a part of the count, the said articles named in such inventory being alleged to be of like kind and nature to articles purchased by the appellant from the appellees at the beginning of the lease, and also set forth in an inventory filed as an exhibit to the.declaration; the alleged obligation of the appellees to pay for the articles so delivered to them at the expiration of the lease being based upon section 8 of the lease contract, which reads as follows:

"It is hereby agreed and covenanted that the parties of the first part hereby sell, for invoice prices, the stock of provisions and supplies now on hand in said hotel, including all such articles of that nature as are shown on the inventory for which the party of the second part is to pay cash with the closing of this contract and the parties of the first part agree for themselves, their heirs and assigns, that they will, upon the expiration of this lease, pay the party of the second part in cash for all like articles at an invoice price then to be agreed upon between them and upon their failure to agree, then such valuation shall be arbitrated."

The appellees made a motion to strike the list of articles enumerated and sued for in this first count of the declaration on the ground that the said section 8 of lease contract obligated them to pay for provisions and supplies, and that the articles enumerated were not provisions and supplies. This motion was overruled, and thereupon a plea of the general issue was filed. At the

conclusion of the testimony, the jury was peremptorily instructed to find for the defendants, the appellees, on this count.

The provision of the lease contract upon which this count is based obligated the appellant to purchase from appellees all provisions and supplies on hand in the hotel at the time of the execution of the contract, including all such articles of that nature, that is, in the nature of provisions and supplies, as were shown on the inventory of the date of the contract, and likewise obligated the appellees to purchase, at the expiration of the lease, all articles of like nature then on hand in the hotel. In this count of the declaration there was set forth an itemized statement of the articles for which recovery was sought, and which were alleged to come within the designation of "provision and supplies," and there was also filed and introduced in evidence the inventory of March 15, 1918, which contained the articles of that nature for which appellant paid the appellees at the time of the execution of the contract. The difficulty in determining the liability, if any, of the appellees for the articles sued for arises in arriving at the meaning of "supplies" as used in this contract, as distinguished from furnishings and equipment. As applied to a hotel, the word "supplies," in its broadest signification would include many articles that ordinarily would be classed as furnishings or equipment.

By section 9 of the lease contract, the appellant reserved the right to replace, from time to time, the old furniture and fixtures with new, of like or greater value, which should become the property of the appellees, and by section 7, the appellant was obligated to expend, as necessary, five thousand dollars for improvements within the hotel, in the nature of repairs, furnishings and fixtures, or additions, which, upon the expiration of the lease, should become and be the property of the appellees. By section 1 of the contract, the appellant leased all the

equipment belonging to or contained in the hotel, while by section 4 thereof, he was obligated to return, at the expiration of the lease, all the furnishings and equipment, in a good state of repair, less natural wear and tear. It is thus seen that appellant was obligated to return all furnishings and equipment in the hotel at the expiration of the lease, and is not entitled to recover from appellees the value of any articles coming within that classification. Neither are the appellees obligated to pay the value of the articles set forth in the declaration merely because they are ''like articles'' to some of those shown on the inventory of March 15, 1918, and purchased from appellees by appellant. This inventory of March 15, 1918, contained many articles which properly come within the classification of furnishings and equipment, the purchase of which by the appellant was explained by the appellees on the ground that they were extra and not a part of the regular furnishings and equipment of the hotel; and this explanation of the appellees was not contradicted by the appellant in his testimony. But aside from the materiality, or force and effect of this explanation, it appears that under the provisions of the contract already herein set forth, the appellant was obligated to return all furnishings and equipment in the hotel at the expiration of the lease, whether the same were furnishings and equipment in the hotel at the time the lease was executed, or such as had been placed therein by the appellant during the term of the lease. The articles shown on the inventory of March 15, 1918, and for which the appellant paid in cash, included a large stock of provisions, cigars and candy, insurance, documentary stamps, linen, barber shop supplies, office supplies, stationery, fuel, taxes and licenses, paints, accounts receivable, furniture, china, and office furniture and fixtures. As stated above, the sale

of the articles of furniture, china, and linen was explained by the appellees on the ground that they were surplus furnishings and were at that time no part of the regular furnishings and equipment of the hotel. The office furniture and fixtures, as listed, consisted of a typewriter, one Todd check protectograph machine, cabinet files, desk and chair, one Hotchkiss machine and one adding machine. The latter articles may be properly classed as office supplies; and since under the contract the parties construed the contract as requiring these articles to be paid for under the classification of supplies, it seems clear that the appellant would be entitled to recover for the value of the same or like articles returned at the expiration of the lease. The appellant sued for the value of a filing cabinet and one Todd check protectograph machine, and we think the court should have directed a verdict in his favor for the value of these articles. So likewise there should have been a directed verdict in favor of the appellant for the value of seven thousand Cowan Hotel ledger sheets, which should have been classified as supplies.

The remaining articles sued for consist principally of furniture, and other office, lobby, and bedroom furnishings, and kitchen and dining room furnishings and equipment, and many of these articles might, under varying circumstances, be properly classified either as supplies or as furnishings and equipment. However, after careful and repeated examination and study of section 8 of the contract, and the two inventories, and also the other provisions of the contract which we think are of aid in the solution of the question we have reached the conclusion that all the items sued for, except those mentioned above, are properly classified as furnishing and equipment, for which the appellees were not obligated to pay. The court below was therefore in error in directing a verdict for the appellees on this count, only to the extent indicated above.

The second count of the declaration as amended alleged that, in the month of December, 1920, at the suggestion and request of the appellees, the appellant changed the said hotel from the American to the European plan, and for that purpose changed the dining room and kitchen from the second floor to the first floor of said hotel building; that at that time the kitchen furniture, range, steam tables, and other fixtures theretofore used in the kitchen on the second floor of said building were in such condition, from use, that they could not be removed from the second floor to the first floor and used in the kitchen to be there established in connection with the operation of said hotel on the European plan; that in order to make such change from the American to the European plan, it was necessary for the appellant to purchase a large amount of equipment, as shown by an itemized list or statement thereof filed with, and as a part of said count; that it was also necessary to make various changes in the interior arrangement of the building so as to provide for the kitchen and dining room on the first floor, and to pay for carpentry, plumbing, electric wiring, and fixtures, all costing in the aggregate five thousand six hundred four dollars and twenty-seven cents; that the appellees agreed and promised that if the appellant would have such work done and would pay the cost thereof, and purchase all the equipment and fixtures necessary to install the new kitchen and dining room to be operated on the European plan, they would, at the expiration of the lease, pay to the appellant the cost of the material and labor necessary to effect the change, and also the then value of the kitchen and dining room furniture and fixtures so purchased by him, and that, upon this agreement, the appellant made expenditures to the amount of five thousand six hundred four dollars and twenty-seven cents; and that all of said equipment was delivered to the appellees at the expiration of said lease on March 15,

1928, but they failed and refused to pay the appellant in accordance with said agreement. Upon this alleged agreement, as set forth in this count, a recovery of the amount expended in making the changes and the value of the equipment at the time of its delivery to appellees was sought.

To this count, the appellees interposed a demurrer challenging the right to maintain it on the ground that it was violative of that section of the Statute of Frauds (Hemingway's Code 1917, section 3119) which provides that no action shall be maintained on any contract or agreement not to be performed within one year, unless the contract or some memorandum thereof be in writing signed by the party to be charged or some person by him authorized. This demurrer seems to have been sustained. The appellant then amended the declaration by the addition of a common count in assumpsit for work done and labor performed, and goods sold and delivered by him to the appellees at their special instance and request. To this count the appellees interposed a plea of the general issue and a special plea averring that the work done by the appellant was in making additions to and placing fixtures in the hotel building, and that the goods delivered to appellees consisted of hotel equipment and furnishings, and under the lease contract, such additions, fixtures, equipment and furnishing, became the property of the appellees at the expiration of the lease, and appellees, under the terms of the lease, were not obligated to pay for the same or for any labor incident to placing same within the hotel. Issue was joined on this plea, and on motion of the appellees at the conclusion of the testimony, the court excluded all the testimony offered in support of this count and directed a verdict for the appellees thereon.

The respective parties introduced testimony upon the controverted point as to whether or not the changes in the dining room facilities, fixtures, and equipment,

were made at the instance and request of the appellees, and under an express promise on their part to pay, at the expiration of the lease, the cost of the necessary labor and material and the value of the equipment and fixtures, and this testimony upon this point is sharply conflicting. However, this testimony is here immaterial, for the reason that the court did not submit this conflicting testimony to the jury, but seems to have disposed of this count upon the ground that the cause of action set forth therein could not be maintained. We think the court was in error in sustaining the demurrer to this count which challenged the right to maintain the cause of action set forth therein, on the ground that it violated the provisions of the Statute of Frauds hereinbefore referred to, and in excluding the evidence offered in support of the count of indebitatus assumpsit. The alleged oral contract was subsequent to, and separate and distinct from, the original lease contract, and was fully performed by the appellant within fifteen months and within one year, and nothing remained to be thereafter done by the other party but the payment of the consideration for the performance. This being true, the Statute of Frauds has no application. This doctrine is announced in 27 C. J. p. 349, in the following language:

"But the great weight of authority supports the rule that the statute of frauds has no application where there has been a full and complete performance of the contract by one of the contracting parties, and the party so performing may sue upon the contract in a court of law; he is not compelled to abandon the contract and sue in equity or upon a quantum meruit. Particularly is this said to be true where the agreement has been completely performed as to the part thereof which comes within the provisions of the statute, and the part remaining to be performed is merely the payment of money or the performance of some act, the promise to do which is not required to be put in writing."

Again, on page 356, of the same text, it is said that:

"Contracts which by their terms are not to be performed within one year may be taken out of the statute through performance by one party thereto. All that is required in such case is complete performance within the year by one party, however many years may have to elapse before the agreement is performed by the other party. But nothing less than full performance by one party will suffice, and it has been held that, if anything remains to be done after the expiration of the year besides the mere payment of money, the statute will apply. But when a contract has been so far performed that nothing remains to be done but the payment of the consideration for the performance, the fact that the contract does not require the payment within a year furnishes no defense to an action for the price."

In the case of Fronkling v. Berry, 125 Miss. 763, 88 So. 331, it was held that "mere failure to discharge a monetary obligation on a verbal contract otherwise completed is not sufficient to render the contract unenforceable under the statute of frauds," and the same rule was announced as the settled doctrine of this state in the case of Singletary v. Ginn, 153 Miss. 700, 121 So. 820, 821. See also the case of Duff v. Snider, 54 Miss. 245, and Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555. Upon proper pleadings, the appellant will be entitled to have the conflicting testimony as to existence or nonexistence of this special contract, and the terms thereof, submitted to a jury.

The third count of the declaration is based upon section 4 of the lease contract by which appellees undertook and agreed to keep in a good state of repair all outside walls, paint and repairs, facings and walks, while the appellant agreed and covenanted to keep up all necessary inside paint and repairs at his own expense, and to deliver possession of said property and all furniture and equipment, at the expiration of the lease, in a good

state of repair, less natural wear and tear. This count alleged that the appellees failed to keep the roof of the building in a good state of repair during the lease, and in consequence thereof the roof leaked badly at all times during rains, making it necessary for the appellant to expend large sums of money in repairing the paper, plastering, and inside walls of said hotel building, and also to repair and replace furniture, linens, etc., which were damaged and destroyed by said leaky roof; that in addition to the large sums of money expended by the appellant in making such repairs and replacements, the roof leaked to such an extent as to render many of the rooms uninhabitable with any degree of comfort, causing great annoyance and dissatisfaction on the part of the guests in the hotel during rains, and causing many of them to seek accommodations elsewhere, and to refuse to stay at the hotel upon their return to Greenville. The damage sought to be recovered by reason of the alleged breach of this provision of the contract was the gross sum of thirty-five thousand dollars.

The appellees filed a motion to require the appellant to make the count more specific, definite, and certain, so as to show what damages were claimed for the respective items set forth therein, averring that the count was so framed as to prejudice and embarrass them in the preparation of their defense and to render a fair trial difficult. The court sustained this motion, but the order of the court does not appear to have been complied with. The appellant thereupon amended the count by inserting after the words "sought accommodation elsewhere" the words "thereby reducing the rental value of said hotel $250 per month."

. The stenographer's notes show that at the beginning of the trial in the court below, the appellees renewed their motion to require the appellant to make this count more specific and definite, and the court again entered an order sustaining the motion; and upon the appellant's

failure or refusal so to do, the court sustained a motion to strike the count from the declaration. This count sought a recovery of the sum of thirty-five thousand dollars on the general averments of loss and damage by reason of a leaking roof and the consequent and uncertain expense of repairs to the interior of the building, and also the consequent loss of profits resulting from the loss of customers and trade. The court sustained the first and original motion of the appellees to require the appellant to make the averments of this count more definite and certain as to the breach of the contract and resulting damage sustained, and the nature, cause, and items thereof; and in so doing, we think the court was correct, and upon the failure of the appellant to comply with this order, the count was properly dismissed. However, for the errors already hereinbefore indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.