# Linn *v.* Employers Reinsurance Corporation, Appellant.

Argued May 25, 1959. Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

reargument refused August 17, 1959.

*George E. Beechwood,* with him *John V. Lovitt, Norman E. Risjord,* and *Beechwood and Lovitt,* for appellant.

*C. Russell Phillips,* with him *George Francis Blewett,* and *Montgomery, McCracken, Walker & Rhoads,* for appellees.

OPINION BY MR. JUSTICE McBRIDE, July 2, 1959:

This is an appeal from a judgment of the Court of Common Pleas No. 5 of Philadelphia County ordering defendant to account to plaintiffs.

The complaint filed in this case in May, 1954, was for an accounting upon an oral contract. It was alleged that Employers Reinsurance Corporation agreed to pay the plaintiffs [1] a commission of 5% on all reinsurance premiums received by defendant from the Selected Risks Insurance Company of New Jersey, an automobile liability insurance company.

By the terms of the contract the work of the plaintiffs was completed upon their aiding in the securing of the business for the defendant. Plaintiffs were not required to collect premiums, service claims or perform any other service. The agreement was made in April, 1926. Thereafter, for twenty-seven years, until March, 1953, defendant paid the plaintiffs 5% upon the business so secured.

This is the second time the case has come before us. It was first tried in 1956, resulting in a nonsuit. The nonsuit was based on the determination of the then trial court that the New York Statute of Frauds barred this action. On appeal to this Court the decision was reversed.[2] On that occasion this Court, speaking through Mr. Justice Cohen, said: "We recognize that

---

[1] In 1926, plaintiffs were the sole shareholders of a Pennsylvania corporation through which they conducted their business. In 1938 this corporation was dissolved and plaintiffs continued in business as a partnership in which capacity they brought this action.

[2] *Linn v. Employers Reinsurance Co.,* 392 Pa. 58, 139 A. 2d 638 (1958).

the formal validity of a contract is determined by the law of the state in which the contract was made. Bernstein v. Lipper Mfg. Co., 307 Pa. 36, 43, 160 Atl. 770 (1932); Callaway v. Prettyman, 218 Pa. 293, 67 Atl. 418 (1907). Since the provisions of the Statute of Frauds relate to formal validity, it is to the statute of the place of contracting that we must refer. It is therefore necessary for us to determine in which state the contract was made."

We held that in the case of an agreement consummated by a telephone conversation, as alleged by plaintiffs, the place of contracting is where the acceptance is spoken. In applying this principle to the facts then before us we concluded that there was no evidence in the record to indicate from which state the acceptance was spoken. Accordingly, we reversed and remanded for further proceedings in accordance with the opinion. See also Craig v. Thiele, 395 Pa. 129, 149 A. 2d 35.

At the subsequent trial to determine the issue as to the place where the acceptance was spoken the following facts appeared:

In 1926 plaintiff, Linn, went to New York City to negotiate this agreement of reinsurance with Ehmann, an agent of the defendant. Ehmann stated that he would first have to obtain authority to accept the offer from defendant's home office in Kansas City. He promised that he would communicate with the plaintiff "as soon as he could get word from Kansas City". Linn then returned to Philadelphia and subsequently received a telephone call from Ehmann accepting the offer. Linn testified that he does not know where Ehmann was when he made the telephone call. On his part Ehmann did not deny the transaction but, after hearing Linn's testimony at the earlier trial read to him, stated that he wrote his home office in Kansas City and got its permission to accept the transaction.

He denies, however, that he ever communicated these results to Linn by telephone. Thus, there is no evidence that the acceptance was spoken from New York.

Having accepted the agreement the reinsurance treaty was written with Selected Risks and shortly thereafter the defendant began to pay commissions at the rate of 5% on the premiums collected. From 1926 to 1936 plaintiffs received their commissions from Ehmann, defendant's agent in New York. Beginning in August, 1936, defendant gave up its agency through Ehmann and paid the plaintiffs' commissions direct. The court below submitted the issue of where the contract was made to the jury: "The question is simply this: Was this contract completed and made in New York? Was the acceptance made in New York? Whether that acceptance be by the spoken word over the telephone to Mr. Linn or whether it was by an act of Mr. Ehmann which was in the nature of an acceptance, could only be construed as an acceptance.

"If the acceptance was not in New York but was at any other place, your verdict should be for the plaintiffs. If, however, it was in New York, your verdict must be for the defendant." The jury returned a verdict for the plaintiffs upon which the court entered an order for the accounting.

Defendant, although denying the existence of such an oral contract in its pleadings, admitted at trial the existence of an oral agreement which it contended was made in New York and hence is barred by the New York Statute of Frauds.[3] Whether or not the defendant

---

[3] The New York Statute of Frauds provides: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise, or undertaking, (1) by its terms is not to be performed within one year from the making thereof. . . ." McKinney's Con-

was entitled to have this affirmative contention submitted to the jury is now immaterial. At least the jury, by its verdict, has determined that defendant's contention as to the applicability of New York law has not been sustained by the evidence. Testimony was presented to them adequate to support their finding that a telephone call of acceptance was made and that the said telephone call was not made in the State of New York. While it is true that plaintiffs have the ultimate burden of proof in convincing the jury that a valid contract was entered into, the burden of producing evidence to show that this contract was made in New York was alleged and necessarily assumed by defendant. This burden was not met. Since it was not established that the laws of New York are applicable, the laws of the forum, Pennsylvania, are presumed to apply. Unlike the New York Statute of Frauds the various provisions in the Pennsylvania statute do not require that an agreement of this sort be in writing even if it is not to be performed within a year. It has been said that the Statute of Frauds, where applicable, is not a mere rule of evidence, but rather, is a limitation of judicial authority to afford a remedy. *Manufacturers L. & H. Co. v. Lamp,* 269 Pa. 517, 520, 112 Atl. 679. Our statutes do not so limit the authority of this court to grant a remedy in this case.

Defendant has also alleged that this contract had no limit as to the time it was to run and was therefore terminable at will after a reasonable time. *Utility Appliance Corp. v. Kuhns,* 393 Pa. 414, 143 A. 2d 35. The cases cited by defendant to support this position involve situations where the contract contemplated that performance continue on both sides, as for in-

solidated Laws of New York, Annotated Laws of 1909, Ch. 45, Art. 3, New York Personal Property Law, §31(1).

stance an employment contract. We agree that in such a case the employment may be terminated at will by either party: This, however, is not such a case. Here the plaintiffs did all they had contracted to do, i.e., they secured the reinsurance business for defendant under an agreement that they receive 5% of the premiums so long as the business continues. There was no requirement that the plaintiffs were to perform any other service. Defendant has thus received full performance from plaintiffs and cannot now be permitted to accept the benefits of its agreement while at the same time repudiate the obligations it assumed and has recognized for twenty-seven years. So long as the fruits of this agreement are enjoyed, the consideration agreed upon must be paid in accordance with the contract under which it was given.

In the light of the disposition we make of this case it is unnecessary for us to consider plaintiffs' contention that even if the New York Statute of Frauds does apply its effect was waived by the admission of defendant's counsel that an oral agreement had been entered into.

Judgment affirmed.