442 A.2d 770

**Rudy V. DeSANTIS, Samuel C. Rice and Kenneth W. Rankin and Nicholas G. Vallas**

v.

**Barbara J. SWIGART.**

**Appeal of Rudy V. DeSANTIS, Samuel C. Rice & Kenneth W. Rankin.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1981.

Filed March 5, 1982.

284

Leo M. Stepanian, Butler, for appellants.

Douglas G. Linn, II, Butler, for Vallas, appellee.

Richard W. Givan, Butler, for Swigart, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

SHERTZ, Judge:

This is an action in libel wherein Appellants contend that the court below erred in sustaining Appellee's preliminary objections in the nature of a demurrer and dismissing the complaint on the ground that the communication in question enjoyed absolute privilege. We agree and therefore reverse.

Initially we note the applicable standard of review is expressed in *Donnelly v. DeBourke*, 280 Pa.Super.Ct. 486, 489, 421 A.2d 826, 828 (1980) (citations omitted):

> [W]hen considering preliminary objections in the nature of a demurrer, we accept as true all well-pleaded material facts in the complaint, as well as all inferences reasonably deducible therefrom ... [P]reliminary objections should be sustained and a complaint dismissed only in cases that are clear and free from doubt, i.e., it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff.

*See also Bickell v. Stein*, 291 Pa.Super.Ct. 145, 149, 435 A.2d 610, 612 (1981).

A demurrer is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. *Del Boring Tire Service, Inc. v. Barr Mach., Inc.*, 285 Pa.Super.Ct. 66, 426 A.2d 1143 (1981). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. *Barto v. Felix*, 250 Pa.Super.Ct. 262, 378 A.2d 927 (1977). In ruling on a demurrer, the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint. *Linda Coal and Supply Co. v. Tasa Coal Company*, 416 Pa. 97, 204 A.2d 451 (1964). Any doubt as to whether a demurrer should be sustained should be resolved against the moving party. *Commonwealth, Dept. of Environmental Resources v. Peggs Run Coal Co.*, 55 Pa.Cmwlth.Ct. 312, 423 A.2d 765 (1980).

We must apply these standards to the complaint herein, which contains the following allegations: (1) on March 18, 1978, Appellee, Barbara J. Swigart, an individual, prepared, wrote and caused to be printed and published, in a local daily newspaper, an advertisement which was defamatory per se; (2) the paid advertisement was an unprivileged publication; (3) in the alternative, the publication was an abuse of privilege; (4) the advertisement and publication was malicious because the same was false and imputed to Appellants the commission of a crime involving moral turpitude, accused Appellants of a breach of fiduciary duty as school board members and impugned Appellants' integrity as

school board members; and (5) the publication was made without just cause or legal excuse.

Based upon the foregoing "well pleaded facts", the lower court concluded that Appellee was a "high public official" entitled to absolute privilege for a defamatory communication made in her official capacity and that the publication of the article was closely related to Appellee's official duties and was therefore protected. The complaint, however, does not support these conclusions.

The Supreme Court has defined the parameters of the privilege as follows:

*Absolute privilege*, as its name implies, is unlimited, and exempts a high public official from all civil suits for damages arising out of false defamatory statements, and even from statements or actions motivated by malice, *provided the statements are made or the actions are taken in the course of the official duties or powers and within the scope of his authority, or as it (is) sometimes expressed within his jurisdiction* . . . (emphasis in original). *Montgomery v. City of Philadelphia*, 392 Pa. 178, 182, 140 A.2d 100, 103 (1958), quoting *Matson v. Margiotti*, 371 Pa. 188, 193–194, 88 A.2d 892, 895 (1952). *See Barto v. Felix, supra.*

Absolute privilege in a libel case may be raised by demurrer where the defendant's privilege appears on the face of the complaint. *Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A.2d 576 (1976). Here, however, the complaint does not demonstrate that Appellee was entitled to absolute privilege as a high public official acting within the scope of her official duties. In fact, the complaint does not identify Appellee as a public official of any kind. Assuming, *arguendo*, that an inference can properly be drawn from the advertisement[1] that the Appellee was a school board member, and therefore a "high public official";[2] it is neverthe-

1. Plaintiffs attached a copy of the advertisement to their complaint. *See* Pa.R.Civ.P. No. 1019(h).

2. We need not, and do not decide whether a school board member is a "high public official".

less impermissible to read into the complaint that Appellee was acting within her official capacity.

Since the Appellant's complaint stated a cause of action upon which relief could be granted and since Appellee's privilege does not appear on the face of the complaint, the complaint should not have been dismissed.

The order of the lower court is reversed and the case is remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

This case was decided prior to the expiration of SHERTZ, J.'s, commission of office.

DiSALLE, J., did not participate in the consideration or review of this case.