## Neal v. Altoona Hospital

*John Woodcock,* for plaintiff.
*David P. Andrews,* for defendant.

SMITH, *J.,* June 10, 1985—This matter comes before the court on defendant Altoona Hospital's preliminary objections to plaintiff Jorja Neal's complaint. Defendant alleges several procedural defects in the complaint which we deem a motion to strike, Pa.R.C.P. 1017(b)(2), and asserts that plaintiff fails to state a cause of action, by demurrer under Pa.R.C.P. 1017(b)(4).

Plaintiff's complaint, stated briefly, alleges that she was employed by defendant for 15 years, but that in 1982, as a result of innuendo, interference and harassment from defendant's employees she was forced to resign her position as medical secretary. Defendant objects to the complaint on the grounds that although the action is denominated in assumpsit no contract between the parties is alleged. Paragraph three of the complaint alleges facts that would show that plaintiff was an at-will employee of defendant, which sufficiently establishes the existence of a contract. Furthermore, it is

the duty of the court to determine the cause of action; plaintiff need only allege the material facts upon which her claim is based. Bartanus v. Lis, 332 Pa. Super. 48, 480 A.2d 1178, 1182 (1984).

Plaintiff's action, despite its caption, sounds in trespass as an action for wrongful discharge. See, e.g., Reuther v. Fowler & Williams, Inc., 255 Pa. Super. 28, 386 A.2d 119 (1978). Therefore, the specificity required in pleading the essential terms of the contract, the breach thereof, and the resultant damages is lessened. It is clear, both from recent amendments to the rules of pleading, see Pa.R.C.P. 1001(b) effective July 1, 1984, and from precedent, that the court has the power to permit a change in the form of action if it is necessary for a proper decision. Bruker v. Borough of Carlisle, 376 Pa. 330, 102 A.2d 418 (1954); Pa.R.C.P. 1033.

Defendant's second objection, that plaintiff can make no claim because she resigned and was not fired, is incorrect. A forced resignation or retirement will support an action, as will a dismissal, if defendant forced plaintiff to leave her job for improper reasons. Adopting defendant's position would encourage an employer to make conditions intolerable for an employee in order to forestall even a meritless claim after dismissal, by obtaining a resignation.

The heart of defendant's preliminary objection is that plaintiff's complaint establishes that she was an employee at will and therefore does not allege sufficient facts to provide a basis for a complaint. The applicable principles in ruling on a demurrer were stated by the Superior Court in DeSantis v. Swigart, 296 Pa. Super. 283, 442 A.2d 770 (1982):

"A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling

on a demurrer the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint. Any doubt as to whether a demurrer should be sustained should be resolved against the moving party." Id. at 285, 442 A.2d at 722. (Citations omitted.)

The allegations of the complaint, construed according to these principles, establish that plaintiff was an at-will employee of defendant from 1967 until 1982. An employment contract[1] which has no definite duration is a hiring at-will, and may be terminated upon reasonable notice by either party at any time. Linn v. Employers Reinsurance Corp., 397 Pa. 153, 153 A.2d 483 (1959).

The allegations of plaintiff's complaint are "vague, and concerned with broad generalities and lacking in specificity. No reference to time, place or nature of event or situation is made against which purposeful answers could be legitimately and fairly required." Framlau Corporation v. County of Delaware, 223 Pa. Super. 272, 299 A.2d 335, 337 (1972). Under present Pennsylvania law, an at-will employee must allege a violation of a clearly mandated public policy to maintain an action against her employer for wrongful discharge. Richardson v. Charles Cole Memorial Hospital, 320 Pa. Super. 106, 466 A.2d 1084 (1983). Plaintiff's complaint has not done this. Nevertheless, where it is apparent that a pleading can be cured by amendment, this court may not sustain a demurrer that would put an end to a controversy without giving the pleader an opportunity

---

1. Plaintiff has not averred the existence of a written contract, so it is assumed that hiring was based on an oral contract. See Podobinski v. Boyle, 29 Northumb L.J. 22 (C.P. 1957); Menefee-Scott v. Vallamont Planning Mill, 3 Lycoming 265 (C.P. 1952).

to file an amended complaint if there exists a reasonable possibility that a cause of action may be sustained. Del Turco v. Peoples Home Savings Association, 329 Pa. Super. 298, 478 A.2d 456, 464 (1984).

Of course, amendments, if permitted, could not introduce a new cause of action.[2] Id. A new cause of action is not introduced if an amendment merely clarifies a cause of action already stated. Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A.2d 914 (1974).

Allegations of new facts not mentioned in the original pleading and not implied by the original pleading would give rise to a new cause of action and would be impermissible. Junk v. East End Fire Department, 262 Pa. Super. 473, 490-91, 396 A.2d 1269, 1277 (1978). Therefore, in considering the permissibility of amendment we must consider only those facts already pleaded or implied by plaintiff's complaint.

Whether "conduct which constitutes harassment, humiliation and degradation" can give rise to a cause of action for wrongful discharge requires a review of the developing law since Geary v. United States Steel Corp., 456 Pa. 171, 319 A.2d 174 (1974). In general, there is no nonstatutory cause of action for an employer's termination of an at-will employment. Reuther v. Fowler & Williams, Inc., supra, 386 A.2d at 120. There must be a violation of a clear mandate of public policy to support a com-

---

2. Plaintiff ceased her employment on September 24, 1982, defendant's brief at 1, and the writ of summons was served September 13, 1984. The applicable statute of limitations in an action for wrongful discharge is two years. 42 Pa.C.S. § 5524(2).

mon-law action. Richardson v. Charles Cole Memorial Hospital, supra.

The mandates of public policy may be drawn from constitutional protection of certain behavior, see Hunter v. Port Authority of Allegheny County, 277 Pa. Super. 4, 219 A.2d 631 (1980) or refusal to engage in certain conduct, see Novosel v. Nationwide Insurance Co., 721 F.2d 894 (3d Cir. 1983), from state or federal statutes imposing a duty on employees, see Reuther v. Fowler & Williams, Inc., supra, or a restraint on employers, see Perks v. Firestone Tire & Rubber Co., 611 F. 2d 1363 (3d Cir. 1979), and from judicial decisions recognizing common-law rights of employees even in at-will employment. See Rettinger v. American Can Company, 574 F. Supp. 306 (M.D., Pa. 1983); Yaindl v. Ingersoll-Rand Co. Standard Pump — Aldrich Division, 281 Pa. Super. 560, 422 A.2d 611 (1980) (by implication).

The common ground of all the public policy exceptions to the traditional power of the employer to discharge an employee at will is that the public interest, as opposed to the private interest of the employee is implicated. Therefore, an employer may discharge an employee so long as he does not infringe on some protected area of the employee's life which he is not free to enter. Geary v. United States Steel Corp., supra, 319 A.2d at 180.

Therefore, the exceptions to the at-will rule have been narrowly construed in Pennsylvania, and there is no implied covenant of good faith or fair dealing imposed on an employer. Compare Cleary v. American Airlines, Inc., 111 Cal. App. 3d 443, 168 Cal. Rptr. 722 (1980) (California law); Gram v. Liberty Mutual Insurance Co. 429 N.E. 2d 21 (Mass. 1981) (Massachusetts law). The two-part test established by Cloutier v. Great Atlantic & Pacific Tea Co., 436

A.2d 1140 (N.H. 1981) accurately represents what has been the state of the law in Pennsylvania: plaintiff must allege not only a bad faith, malicious or retaliatory discharge but also a discharge because of performance of an act encouraged by public policy or refusal to do an act condemned by public policy. See Richardson v. Charles Cole Memorial Hospital, supra.[3]

However, allegations of specific intent to harm were held to support a claim for wrongful discharge, without a requirement that a public policy be violated, in dictum by Judge Spaeth (presently President Judge) in Yaindl v. Ingersol Rand Co., supra, 422 A.2d at 618 n.5. This observation by Judge Spaeth was adopted as a policy in several federal decisions applying Pennsylvania law. See Boreson v. Rohm & Haas, Inc., 526 F. Supp. 1230, 1232-33 n.4 (E.D., Pa. 1981) aff'd mem., 729 F.2d 1445 (3d Cir. 1984) (Lord, C.J.); Harrison v. Fred S. James, Inc., 558 F. Supp. 438, 445 (E.D., Pa. 1983) (Bechtle, J.). But see O'Neill v. A.R.A. Services, Inc., 457 F.Supp. 182 (E.D., Pa. 1978) (Newcomer, J.) (applying two-part test). Judge Spaeth reasoned that a specific intent to harm could be in itself a violation of public policy, relying on Monge v. Beebe Rubber Co., 114 N.H. 130, 316 A.2d 549 (1974). The court, in Yaindl, granted summary judgment on the wrongful discharge claim against plaintiff. We also note, although it does not control the development of Pennsylvania law, the subsequent modification of Monge by the New Hampshire Supreme Court in Cloutier,

---

3. The third requirement of the public policy exception is that there be no adequate statutory remedy for the discharge. See, e.g., Wolk v. Saks Fifth Avenue, Inc., 728 F.2d 221 (3d Cir. 1984). Because that is a matter properly raised as an affirmative defense, we need not discuss it at this point.

supra, which clarified the two-stage test for wrongful discharge.

Most recently, in Rossi v. Pennsylvania State University, 340 Pa. Super. 39, 489 A.2d 828 (1985), an opinion published after argument on defendant's motion, the Superior Court repeated the observation of Judge Spaeth and plainly accepted, although in dictum, that allegations of specific intent to harm could serve as an alternative ground for maintaining an action for wrongful discharge. Id., 489 A.2d at 837. With this expansion of the wrongful discharge doctrine beyond the Supreme Court's reasoning in Geary, supra, 319 A.2d at 177, and despite the problems in pleading which will result (distinguishing allegations of specific intent to harm from general intent to harm), we are bound by the Superior Court' opinion. Because the allegations of plaintiff's complaint would establish a specific intent to harm, if proven true, plaintiff must be allowed the opportunity to amend her complaint, to clarify the established cause of action.

## ORDER

And now, this June 10, 1985, it is hereby ordered, directed and decreed that defendant's preliminary objections number one and two are hereby denied; and it is further ordered, directed and decreed that defendant's preliminary objections number three and four are granted, with leave to plaintiff to file a more specific pleading not inconsistent with this opinion within 20 days.

SMITH, *J.*, October 18, 1985—This matter returns on defendant Altoona Hospital's preliminary objections to plaintiff Jorja Neal's amended complaint. The amended complaint was filed in response to the opinion of this judge dated June 10,

1985, sustaining Altoona Hospital's first set of preliminary objections to Jorja Neal's original complaint. See Neal v. Altoona Hospital, 1529 C.P. Blair 1984 (slip opinion June 10, 1985, Neal I).

The amended complaint, and the objection thereto, require a decision on the state of the "specific intent to harm" doctrine in the at-will employment/unjust dismissal action in Pennsylvania. The question squarely presented is this: does the "public policy" exception to the general rule that a hiring at-will can be terminated without reason, Linn v. Employers Reinsurance Corporation, 397 Pa. 153, 153 A.2d 483 (1959), made part of the law of this Commonwealth by Geary v. United States Steel Corporation, 456 Pa. 171, 319 A.2d 174 (1974), include cases where no specific public policy is implicated, but there is a specific intent by the employer to harm the employee? We conclude that Pennsylvania does not recognize a cause of action so broad, and sustain the preliminary objection. The complaint will be dismissed without leave to amend. See DelTurco v. Peoples Home Savings Association, 329 Pa. Super. 258, 478 A.2d 456, 464 (1984).

To support a common-law right of action against an employer for wrongful discharge, an employee must allege facts which would show that a "clear mandate of public policy has been violated." Richardson v. Charles Cole Memorial Hospital, 320 Pa. Super. 106, 466 A.2d 1084, 1085 (1983), allocatur granted. A specific intent to harm an employee, without more, has never been considered sufficient in Pennsylvania to invoke the public policy exception to the general rule that there is no nonstatutory cause of action for an employer's termination of an at-will employment. Reuther v. Fowler & Williams, Inc., 255 Pa. Super. 28, 386 A.2d 119, 120 (1978). This, we reason, is because the common ground of

all the public policy exceptions is that the public interest in protecting certain conduct by the employee or restraining certain conduct by the employer is impaired by wrongful discharge, not because the private employment relationship is itself a protected interest of the employee. Therefore, an employer may discharge an employee for good reason, no reason, or bad reason so long as he does not infringe on some protected area of the employee's life which he is not free to enter. Geary; supra, 319 A.2d at 180.

Two jurisdictions impose an implied covenant of good faith or fair dealing on an employer not to discharge an at-will employee except for cause. See Cleary v. American Airlines, Inc., 111 Cal. App. 3d. 443, 168 Cal. Rptr. 722 (1980) (California law); Maddaloni v. Western Massachusetts Bus Lines, 386 Mass. 877, 438 N.E.2d 351 (1982) (Massachusetts law). New Hampshire formerly did, see Monge v. Beebe Rubber Co., 316 A.2d 549 (N.H. 1974), but retreated, in Cloutier v. Great Atlantic & Pacific Tea Company, 436 A.2d 1140 (N.H. 1981) to a two-part test: an employee must claim not only a bad faith, malicious, or retaliatory discharge, but also a discharge because of an act encouraged by public policy or refusal to do something condemned by public policy.

Judge Spaeth, in Yaindl v. Ingersoll Road Company, 281 Pa. Super. 560, 422 A.2d 611; 618, n.5 (1980), stated in dictum that a specific intent to do harm could be in itself a violation of public policy. The court upheld the grant of summary judgment on plaintiff's wrongful discharge claim. See also Rossi v. Pennsylvania State University, 340 Pa. Super. 39, 489 A.2d 828, 837 (1985) (dictum). However, no court in this state has embraced the position advanced by plaintiff Neal in the instant matter, nor do we. See Standard Pipeline Coating Company v.

Solomon & Teslovich, Inc., 344 Pa. Super 362, 496 A.2d 840, 843 (1985).

## ORDER

And now, this October 18, 1985, it is ordered, directed and decreed that defendant's preliminary objection in the nature of a demurrer be and hereby is sustained, and the complaint is dismissed.

