592 So.2d 93 (1991)
AMERICAN CHOCOLATES, INC.
v.
MASCOT PECAN COMPANY, INC., Mills Tarver, Kenny Tarver and Henco, Inc.
No. 89-CA-0077.
Supreme Court of Mississippi.
December 18, 1991.
William B. Weatherly, Gulfport, for appellant.
Henry Laird, Mize Blass Lenoir & Laird, Roger T. Clark, Robert H. Walker, Scherry J. LeSieur, Bryant Colingo Williams & Clark, Gulfport, for appellee.
Before HAWKINS, P.J., and PITTMAN and McRAE, JJ.
HAWKINS, Presiding Justice, for the court:
The circuit court of Harrison County, First Judicial District, granted summary judgment in favor of Mascot Pecan Company, Inc., and its officers Mills Tarver, Kenny *94 Tarver, and Henco, Inc., against American Chocolates, Inc. The court found that American Chocolates was an employee of Mascot Pecan subject to a terminable-at-will employment contract, that Miss. Code Ann. § 15-3-1 (1972) barred American Chocolates' breach of contract claim against Mascot Pecan and that American Chocolates presented no genuine issue of material fact in its cause of action against Henco. American Chocolates has appealed.
We find that Miss. Code Ann. § 15-3-1 is no bar to American Chocolates' suit, that genuine issues of material fact do exist as to the breach of contract issue and the tortious interference with contract claim, and reverse for trial on the merits.

FACTS
American Chocolates, Inc., a close Mississippi corporation, with principal offices in Gulfport and whose principal shareholder was Jarrell Evans, entered into an oral brokerage agreement with Mascot Pecan, Inc., a Georgia corporation, under which American Chocolates undertook to secure Henco, a corporation with principal offices in Selmer, Tennessee, as a customer of Mascot Pecan for the purchase of candy products.
The agreement between American Chocolates and Mascot Pecan was that if American Chocolates secured Henco as a customer of Mascot Pecan's products then American Chocolates would be paid a commission of five percent on the sales price of all products sold by Mascot Pecan to Henco. American Chocolates did in fact secure Henco as a customer and was paid a five percent commission until July 23, 1984. Serious problems developed with Mascot Pecan in distribution, consistency, and quality of the product. Mascot Pecan and Henco made adjustments to improve business. This included reducing the amount of commission paid to American Chocolates from five percent to three and one-half percent and later to three percent.
Thereafter, Mascot Pecan informed American Chocolates it was terminating their agreement. There was contention on the part of Mascot Pecan that this represented the wishes of Henco to reduce costs, which was disputed by Henco. Following the termination of the agreement, American Chocolates filed suit against Mascot Pecan for breach of contract and against Henco for tortious interference with a contractual relationship.
Following discovery defendants Mascot Pecan and Henco moved for and were granted summary judgment dismissing the complaint. In his opinion the circuit judge first found that the relationship between American Chocolates and Mascot Pecan was that of an employee-employer and therefore terminable at will by either party and, second, that the statute of frauds barred recovery even if the contract were not terminable at will. As to the statute of frauds, the court found that the contract was one not to be performed within fifteen months. In granting summary judgment, the court found that there was insufficient evidence to make a jury issue on tortious interference with a contractual relationship. American Chocolates has appealed.

LAW

I. STATUTE OF FRAUDS
Mississippi's statute of frauds in pertinent part states:
An action shall not be brought whereby to charge a defendant or other party:
....
(d) upon any agreement which is not to be performed within the space of fifteen months from the making there; or
(e) ... unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.
Miss. Code Ann. § 15-3-1 (1972).
It should be noted that when American Chocolates secured Henco as a customer for Mascot Pecan products, it had fully performed its part of the agreement. There was nothing more for American Chocolates to do. This Court held in Pountaine *95 v. Fletcher, et al., 158 Miss. 720, 126 So. 471 (1930), that:
[T]he statute of frauds has no application where there has been a full and complete performance of the contract by one of the contracting parties, and the party so performing may sue upon the contract in a court of law; he is not compelled to abandon the contract and sue in equity or upon a quantum meruit.
Also, Gibbons v. Associated Distributors, 370 So.2d 925, 927 (Miss. 1979), "[t]he general rule is that the complete performance by one party of an oral contract not to be performed within the statutorily prohibited period  fifteen months  takes the contract outside of the statute of frauds." Also, 37 C.J.S. Statute of Frauds, § 251 (1943); 73 Am.Jur.2d Statute of Frauds, § 533 (1974); Restatement (Second) of Contracts, § 130 (1981); Landry v. Moody Grishman Agency, Inc., 254 Miss. 363, 181 So.2d 134 (1965) (contract executed by performance of both parties not barred by Statute of Frauds); Puget Sound Pulp and Timber Co. v. O'Reilly, 239 F.2d 607 (9th Cir.1956).
This Court has also held that where the contract is for an indefinite period with a possibility of performance within fifteen months, it is not within the statute of frauds. Beane v. Bowden, 399 So.2d 1358, 1361 (Miss. 1981); Crabb v. Mid-American Dairymen, Inc., 735 S.W.2d 714 (Mo. 1987) (en banc).

II. RIGHT TO TERMINATE
The circuit judge of course was correct when he held that Mascot Pecan had a right to terminate the contract.[1] The contract between these parties was of indefinite duration. It was therefore subject to cancellation by either party upon reasonable notice. Hazell Machine v. Shahan, 249 Miss. 301, 161 So.2d 618, 624 (1964); King v. Exxon, U.S.A., 618 F.2d 1111, 1119 (5th Cir.1980); Roberts v. Southern Wood Piedmont Co., 571 F.2d 276 (5th Cir.1978); 2 Corbin on Contracts, § 446 (1950); 17A C.J.S. Contracts, § 398 (1963); 17 Am.Jur.2d Contracts, § 486 (1964). This cancellation only affected executory functions yet to be performed. It could not relieve Mascot Pecan of an obligation it had resulting from a past performance by American Chocolates. Cessna Aircraft Company v. Aviation, Inc., 243 F.2d 815, 818 (10th Cir.1957); United States v. Southern Gulf Lumber, 106 F. Supp. 815, 818 (S.D.Ala. 1952); Grant v. Aerodraulics Co., 91 Cal. App.2d 68, 204 P.2d 683, 686 (1949); 17 Am.Jur.2d Contracts, § 518 (1964); 17A C.J.S. Contracts, § 404 (1963).
Closely analogous is the Pennsylvania case of Linn v. Employers Reinsurance Corporation, 397 Pa. 153, 153 A.2d 483 (1959), where an insurance agent sued an insurance company to recover a percentage of premiums under an oral agreement. In 1926, Employers Reinsurance agreed to pay the agent five percent on all reinsurance premiums received by them from the Selected Risks Insurance Company if the agent would assist in securing the business of Selected Risks. The business was secured and for twenty-seven years Employers Reinsurance paid five percent of the premiums received from Selected Risks until March, 1953, when Employers Reinsurance discontinued payment to the agent. The agent then brought an action to enforce the oral agreement.
The Pennsylvania Supreme Court held:
Defendant has also alleged that this contract had no limit as to the time it was to run and was therefore terminable at will after a reasonable time. Utility Appliance Corp. v. Kuhns, 393 Pa. 414, 143 A.2d 35. The cases cited by defendant to support this position involve situations where the contract contemplated that performance continue on both sides, as for instance an employment contract. We agree that in such a case the employment may be terminated at will by either party. This, however, is not such a case. Here the plaintiffs did all they had contracted to do, i.e., they secured the reinsurance business for defendant under an *96 agreement that they receive 5% of the premiums so long as the business continues. There was no requirement that the plaintiffs were to perform any other service. Defendant has thus received full performance from plaintiffs and cannot now be permitted to accept the benefits of its agreement while at the same time repudiate the obligations it assumed and has recognized for twenty-seven years. So long as the fruits of this agreement are enjoyed, the consideration agreed upon must be paid in accordance with the contract under which it was given.
153 A.2d at 485-86.

III. TORTIOUS INTERFERENCE WITH CONTRACT
There was evidence in this case that Henco and Mascot Pecan discussed whether American Chocolates should be retained. Kenny Tarver stated that Joe Utsey, a Henco employee, said that business with Mascot Pecan was not profitable and that the relationship between Henco and Mascot Pecan needed to be reevaluated. Tarver felt "pressure" from Henco to get rid of Evans because Utsey implied that "Jarrell Evans was causing prices to be higher [while] providing no service and that if the relationship [between Mascot and Henco] was to continue as it was in its then present state [with Evans receiving a commission], Henco would change suppliers or discontinue the program." Utsey denied ever suggesting that Evans should be terminated as the broker. This was sufficient evidence to survive a motion for summary judgment. Galloway v. Travelers Insurance Co., 515 So.2d 678, 682-83 (Miss. 1987); Liston v. Home Insurance Co., 659 F. Supp. 276, 281 (S.D.Miss. 1986).
REVERSED AND REMANDED ON ALL ISSUES.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Not however, for the reason that the court gave that this was simply an employer-employee relationship.