315 So.2d 518 (1975)
TOBIN & TOBIN INSURANCE AGENCY, INC., a Florida Corporation, Appellant,
v.
Stanley ZESKIND, Individually and Great West Life Assurance Company, a Canadian Corporation, Licensed to Do Business in the State of Florida, Appellees.
No. 74-1542.
District Court of Appeal of Florida, Third District.
June 24, 1975.
*519 Michael M. Tobin and Stephen K. Katz, Coral Gables, for appellant.
Leonard Sussman, Steel, Hector & Davis, Patricia Ann Seitz, Miami, and Henry W. Clar, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of an adverse final summary judgment which held the plaintiff's cause of action, based upon an alleged oral contract, unenforceable by virtue of the statute of frauds [Fla. Stat. § 725.01, F.S.A.]. We affirm.
The gravamen of the appellant's third amended complaint is that an oral agreement was formed between its president, Leonard Tobin, and defendant Stanley Zeskind, an insurance agent for the defendant, Great West Life Assurance Company, whereby the appellant would refer business to the defendants and in return the commissions would be split between the appellant and Zeskind.
Deposition testimony was taken of Leonard Tobin and Zeskind, and subsequently each party moved for an entry of a summary judgment.
While Zeskind's deposition testimony reveals a firm denial by him of the existence of an express oral contract to split commissions, we have assumed that such a contract did exist for purposes of our consideration of the issues pertaining to the statute of frauds.
Appellant makes several contentions in support of his position that the statute of frauds does not preclude recovery under the alleged agreement. First, appellant argues that the contract may be enforced because under the docrine of part performance, the oral agreement is removed from the effect of the statute of frauds.[1] This contention is without merit because the agreement at issue is one involving personal services, and part performance is not applicable to such contracts. Food Fair Stores, Inc. v. Vanguard *520 Investments Co., Ltd., Fla.App. 1974, 298 So.2d 515; Rowland v. Ewell, Fla. App. 1965, 174 So.2d 78.
Next, appellant submits that the statute of frauds is not applicable to this contract because the agreement may be performed within one year. This contention is closely connected to a corollary assumption made by the appellant: that it is not suing upon a single indivisible contract, but rather upon a series of divisible contracts.
According to this logic, each referral made was a separate potential contract which upon the sale by Zeskind of an insurance policy became a binding obligation to pay the appellant a split commission.
It is our view, however, that appellant creates a strained interpretation of the agreement beween the parties. We think there is but a single oral agreement at issue in which the defendants allegedly agreed to split all commissions resulting from all referrals.[2] Therefore, we hold that the agreement was not capable of performance within one year. See, Food Fair Stores, Inc. v. Vanguard Investments Co., Ltd., supra; Ostman v. Lawn, Fla.App. 1974, 305 So.2d 871.
Finally, appellant seeks necessarily to agree with the appellees that no express oral contract existed; nevertheless, it is urged that appellant may recover for the reasonable value of its services under a theory of quantum meruit. See, Solutec Corporation v. Young & Lawrence Associates, Inc., Fla.App. 1971, 243 So.2d 605.
Quantum meruit is an action derived from the common-life form of action known as general assumpsit. Ibid.; see generally, 28 Fla.Jur., Restitution and Implied Contracts § 3. At common law, general assumpsit was an action to enforce an implied promise, otherwise referred to as a "quasi contract" or a contract implied in law. Cf., Tipper v. Great Lakes Chemical Co., Fla. 1973, 281 So.2d 10, 13.
As a general rule, an action seeking to enforce an express contract and also attempting to disavow the existence of the express contract and accomplish the same purpose under quantum meruit is not available. Solutec Corp. v. Young & Lawrence Associates, Inc., supra; Yates v. Ball, 1937, 132 Fla. 132, 181 So. 341.
An action based upon quantum meruit for the reasonable value of services performed is founded upon the legal presumption that a party benefitted must pay reasonable compensation for such services or he stands unjustly enriched. However, the presumption arises from the circumstances of the particular case and is rebuttable. Symon v. J. Rolfe Davis, Inc., Fla.App. 1971, 245 So.2d 278.
The test of an implied contract of employment, giving rise to the presumption that the party rendering personal services is entitled to reasonable compensation, is whether or not the services were performed under circumstances in which the parties understood and intended that compensation was to be paid. Tipper v. Great Lakes Chemical Co., supra.
With the abovementioned legal principles pertaining to quantum meruit in mind, and applying the same to the facts of this case, it is our conclusion, first, that appellate may not pursue an action in quantum meruit and, second, assuming that it could, there has been no showing that the services performed (consisting solely of referrals to Zeskind) were of benefit to the appellees *521 or that the parties reasonably understood and intended that there would be compensation for such services.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] In its reply brief, appellant modifies its argument that the contract has been removed from the statute of frauds by part performance, suggesting instead that the contract has been fulfilled by full performance. We are not enlightened further with respect to this theory. However, apparently the appellant is advancing a theory which is consistent with its other theory that the contract is susceptible to performance within one year because each referral is subject to a contingency (viz., a binding insurance contract triggering a right to a commission) and therefore the contracts are separate, a theory which we reject.
[2] This construction of the contract is unavoidable after reading the appellant's amended complaint. Appellant seeks broad relief arising out of the alleged agreement (both for past and future sales of insurance policies) in the form of declaratory and injunctive relief, an accounting, and damages.