PER CURIAM.
We reverse the final summary judgment entered against appellant on its complaint for reformation of an insurance policy. There are disputed issues of fact as. to whether there was a mutual mistake by the insured and insurer in the inclusion in the insurance policy of a form for uninsured motorist protection. Suffice it to say that the evidence presented by appellee did not conclusively refute the allegations of appellant’s complaint in this regard, as appellee must do in order to be entitled to summary judgment. See Moore v. Morris, 475 So.2d 666 (Fla.1985). The deposition of the insurance company representative clearly states that inclusion of the uninsured motorist page in the policy was an error, and the depositions and affidavits in no way conclusively refute that this was not a mutual error. For instance the record contains the previous years’ insurance policies which show a specific designated charge for uninsured motorist coverage, whereas the subject year’s policy does not. Therefore, an inference may be drawn that the parties did not intend to include the U.M. coverage in the subject year’s policy by the lack of a specific charge therefore. Therefore, summary judgment was improperly entered.
The trial court also entered summary judgment on the alternate ground that it would be unconscionable and contrary to law to reform the insurance contract to delete coverage after an allegedly covered loss occurs. Both appellant and appellee recite legions of cases from across the country supporting their respective positions. It is not necessary, however, to decide this issue at this juncture, because whether or not the resulting reformation is unconscionable depends on factual matters, including detrimental reliance, which have not been developed yet in this record.
We therefore reverse and remand for further proceedings.
LETTS, WALDEN and WARNER, JJ., concur.