891 So.2d 1142 (2005)
FRESH CAPITAL FINANCIAL SERVICES, INC., a Florida corporation, Appellant,
v.
BRIDGEPORT CAPITAL SERVICES, INC., a Florida corporation, and Mark Rosenstein, individually, Appellees.
No. 4D04-1205.
District Court of Appeal of Florida, Fourth District.
January 26, 2005.
*1143 Michael W. Ullman and Laurie A. Thompson of Ullman, Ullman & Vazquez, P.A., Boca Raton, for appellant.
Barry P. Gruher of Adorno & Yoss, P.A., Fort Lauderdale, for appellee Bridgeport Capital Services, Inc., a Florida corporation.
GROSS, J.
The issue in this case is whether a company's performance of a series of separate commission contracts  which involves the referral of clients  falls under the full performance exception to the statute of frauds. We hold that the pleading here at issue brings the contract claims within the exception, and reverse.
This is an appeal from an order of dismissal for failure to state a cause of action. See Fla. R. Civ. P. 1.140(b)(6). An affirmative defense, such as the statute of frauds, that appears on the face of a prior pleading may be asserted as grounds for a motion to dismiss for failure to state a cause of action. See Fla. R. Civ. P. 1.110(d); Hawkins v. Washington Shores Sav. Bank, 509 So.2d 1314, 1315 (Fla. 5th *1144 DCA 1987). "When considering the merits of a motion to dismiss, a court's gaze is limited to the four corners of the complaint." Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999). "The facts alleged in the complaint must be accepted as true ... [and a]ll reasonable inferences must be drawn in favor of the pleader." Id. "Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review." Bell v. Indian River Mem'l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001).
This case arose out of a lawsuit Fresh Capital Financial Services, Inc., filed to recover commissions on its referral of business to Bridgeport Capital Services, Inc. According to Fresh Capital's second amended complaint, Bridgeport is in the business of providing accounts receivable financing known as factoring. Factoring generally involves the cash purchase of a company's accounts receivable in return for transactional factoring fees. In June, 1999, Bridgeport made a standing offer to Fresh Capital:
[T]hat for each potential factoring client that Fresh Capital referred to Bridgeport and that Bridgeport accepted and funded as a factoring client, Bridgeport would pay Fresh Capital a commission of 15%, unless a smaller fee was communicated, however, in no event less than 10%[,] of all factoring fees Bridgeport received during the life of the relationship with the factoring client.
Fresh Capital's pleading alleged that it separately accepted the continuing offer each time it referred a suitable client to Bridgeport and that each client who began a factoring relationship constituted a separate contract. The theory of the complaint is that once Bridgeport approved a referral and set a commission rate, Fresh Capital had fully performed its obligations under the contract and was entitled to commissions every time that client paid a factoring fee. Thus, the pleading alleged that Bridgeport made a continuing offer to enter into separate commission contracts; to be entitled to commissions, Fresh Capital did not have an obligation to refer additional clients.
Fresh Capital referred ten clients to Bridgeport between June, 1999 and February, 2003. Bridgeport initially paid Fresh Capital the agreed upon commissions; however, in January, 2003, Bridgeport refused to make further payments, stating that Fresh Capital's "free ride [was] over." Since that time, Fresh Capital's referral clients have continued their factoring relationships with Bridgeport, generating fees for which Bridgeport refused to pay commissions.
Bridgeport moved to dismiss Fresh Capital's second amended complaint on the ground that it violated the statute of frauds, section 725.01, Florida Statutes (2001). The trial court granted the motion with prejudice.[1]
Fresh Capital concedes that the statute of frauds bars its contract claims against Bridgeport, unless the full performance exception to the statute applies.
Full performance by one party to an oral contract removes the contract from the statute of frauds. See Brodie v. All Corp. of USA, 876 So.2d 577, 579 (Fla. 4th DCA 2004); Hiatt v. Vaughn, 430 So.2d 597, 598 (Fla. 4th DCA 1983); Av-Med, Inc. v. French, 458 So.2d 67, 69 (Fla. 3d DCA 1984); Restatement (Second) of Contracts § 130 cmt. d (1981). As alleged in the second amended complaint, Fresh Capital's referral of each client to Bridgeport *1145 amounted to a separate contract which Fresh Capital fully performed at the time of the referral.[2]
Fresh Capital's full performance is not altered by the fact that Bridgeport did not owe a commission until a referred client paid Bridgeport a factoring fee. A client's payment of a factoring fee is a condition precedent to Bridgeport's obligation to pay commissions; that contingency does not require further performance by Fresh Capital. The doctrine of full performance by one party "is not conditioned upon performance by third parties." Glass v. Minn. Protective Life Ins. Co., 314 N.W.2d 393, 396 (Iowa 1982) (holding that agent had fully performed oral contract entitling him to renewal commissions, even though commissions were not owed until policy holders paid their premiums); Am. Chocolates, Inc. v. Mascot Pecan Co., 592 So.2d 93, 94 (Miss.1991) (holding that plaintiff had fully performed contract entitling it to 5% commission on future sales to defendant when it secured customer for defendant); Linn v. Employers Reinsurance Corp., 397 Pa. 153, 153 A.2d 483, 484-86 (1959) (indicating that plaintiff had fully performed a contract entitling it to commissions on reinsurance premiums when it aided the defendant in the "securing of the business").
Bridgeport relies on Tobin & Tobin Insurance Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975), to argue that Fresh Capital's claims "were predicated upon a single, indivisible oral contract" under which it only partly performed its obligations to Bridgeport.
In Tobin, the plaintiff entered into an oral agreement with an insurance company to earn commissions in return for referring clients. The plaintiff later filed a single breach of contract claim against the company for non-payment. That claim was dismissed at summary judgment based on the statute of frauds.
On appeal, the plaintiff suggested in its reply brief that the contract was "fulfilled by Full performance." Id. at 519 n. 1. This argument was based on a theory that each referral created a separate commission contract. The third district rejected this approach as a "strained interpretation of the agreement between the parties" and found that there was "but a single oral agreement at issue in which the defendants allegedly agreed to split [a]ll commissions resulting from [a]ll referrals." Id. at 520.
Tobin is distinguishable. The case involved a single claim for breach of contract, which supports the conclusion that only a single contract existed. Most importantly, Tobin does not disclose the terms of the agreement it construed. The pleading in this case specified that each referral created a separate contract, a state of affairs supported by the discrete setting of each commission within the 10% to 15% range provided for in the contract.
The second amended complaint brought this case within the full performance exception to the statute of frauds. Whether *1146 Fresh Capital will be able to prove its case is for another day.
REVERSED AND REMANDED.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Because the trial court's order was based on the statute of frauds, we do not reach the issue of whether the complaint stated causes of action for anticipatory breach of contract.
[2] One case construes the full performance doctrine to apply "only if the parties intended that one party perform the agreement within one year, and the party fully performs within such time." Collier v. Brooks, 632 So.2d 149, 158 (Fla. 1st DCA 1994) (Ervin J., dissenting). Applying this version of the rule would not yield a different result in this case. As alleged in the second amended complaint, Fresh Capital fully performed each contract at the time of the referral, so that the one-year deadline was satisfied. As the dissent in Collier observed, that case's limitation on the full performance doctrine was contrary to prior Florida case law, which held that "full performance by one party removes [a] contract from the operation of the statute of frauds, without consideration of the parties' intent and the length of time before completion." Id. (citations omitted).