920 So.2d 704 (2006)
REAL ESTATE WORLD FLORIDA COMMERCIAL, INC., Appellant,
v.
PIEMAT, INC.; Penn & 8th, Inc.; Florida Tax Deeds, Inc.; Phoenix Title Services, Inc.; Sharon Walker; Quality Management and Investment Corporation; Jorjev Investments, LLC; Aleka Investments, LLC, and Anthony F. Lee, Appellees.
No. 4D04-3490.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
*705 Steven Friedman of Law Offices of Steven Friedman, Pembroke Pines, for appellant.
No appearance for appellees.
STONE, J.
The plaintiff/broker, Real Estate World Florida Commercial Group, Inc. (REW), appeals a summary judgment entered in favor of Florida Tax Deeds, Inc. (Tax), one of multiple co-defendants in this breach of a real estate commission contract action. We reverse, concluding that there are issues of fact to be resolved.
REW seeks recovery of a commission claimed to be due under an exclusive listing covering three properties owned by three separate, but related, corporations. It is undisputed that REW found a buyer for two of the properties. REW drafted an agreement signed on behalf of all three corporations, each owned by the same principals, but listing only the two properties sold. Efrain Gonzalez signed for all three corporations.
The third property, owned by Tax, was not sold. None of the three companies paid REW any portion of the commission due. The corporate defendants pled lack of consideration as an affirmative defense, claiming that any commission would only be owed if a purchaser was found for all three properties.
Tax asserted that its inclusion on the commission agreement was a mistake. Tax also contends that it received no benefit from any services performed by REW, a position clearly not shared by REW. It is not pled or argued that Tax signed as a "guarantor" or that it is liable on a third party beneficiary theory. REW claims, however, that Tax was included on the agreement intentionally.
There is evidence that the attorney for the three corporations approved the commission *706 agreement after making substantial changes. There is also testimony that Tax would benefit by virtue of the sale of the other two properties, as all three corporations cross-collaterized a loan that was paid off with proceeds from the sale.
REW asserts that, despite the possible reading of the agreement as a typical commission agreement between broker and seller of property, with liability of a seller/signator predicated upon the sale, the agreement was basically three entities, one of which is not a seller, saying that "we will pay you a commission on the sale of these two properties" and that the agreement was negotiated in this manner. REW's counsel explained that his client reduced the commission from the initial $110,000 to $99,500.
We conclude that there are issues of fact on the question of intent, specifically as to whether Tax was intentionally or mistakenly included, and as to consideration for the agreement. If intentional, it is not necessary that Tax be a direct beneficiary of proceeds for consideration to be valid. It is sufficient that there be an exchange of promises from which Tax will benefit. Further,
[t]he consideration required to support a contract need not be money or anything having monetary value, but may consist of either a benefit to the promisor or a detriment to the promisee. It is not necessary that a benefit should accrue to the person making the promise. It is sufficient that something of value flows from the person to whom it is made, or that he suffers some prejudice or inconvenience and that the promise is the inducement to the transaction.
Lake Sarasota, Inc. v. Pan Am. Sur. Co., 140 So.2d 139, 142 (Fla. 2d DCA 1962) (citing Dorman v. Publix-Saenger-Sparks Theatres, 135 Fla. 284, 184 So. 886 (1938)).
Consideration also need not pass directly to the promisor (Tax), but may move to either the promisor or a third person. In re Eisinger, 304 B.R. 492, 496 (Bkrtcy.M.D.Fla.2003) (citing Fla. Asphalt Pavement Mfg. Co. v. Fed. Reserve Bank of Atlanta, 76 F.2d 326, 327-28 (5th Cir. 1935)).
We also note that this court has reversed summary judgment in analogous circumstances. See Cont'l Cas. Co. v. Wilkerson, 563 So.2d 1128, 1129 (Fla. 4th DCA 1990) (reversing summary judgment because "[t]here are disputed issues of fact as to whether there was a mutual mistake by the insured and insurer in the inclusion in the insurance policy of a form for uninsured motorist protection."); Ayr v. Chance, 372 So.2d 1000, 1002 (Fla. 4th DCA 1979) (reversing summary judgment where the plaintiffs "raised an issue of fact as to whether the language contained in the release was included therein by mutual mistake."); Milford v. Metro. Dade County, 430 So.2d 951, 953 (Fla. 3d DCA 1983) (reversing summary judgment where "[t]he County's argument that the release in question, since it so specifically and deliberately limited the parties to be released, could not have been the product of mutual mistake, raises at best a question of fact to be resolved by the trial court....").
Therefore, the final summary judgment is reversed, and we remand for further proceedings.
KLEIN, J. and REYES, ISRAEL, Associate Judge, concur.