958 So.2d 1088 (2007)
Joseph B. ELKIND, Appellant,
v.
John BENNETT, Net Management Services, L.L.C., Breakers Asset Holdings, A.V.V., I-Bill.Com, Inc., Epic/Paycom, Inc., CC Bill.Com, Inc., Steven Workman, Kenneth Knox, Fisher & Phillips, L.L.P., Richard J. Alan Cahan, and Becker & Poliakoff, P.A., Appellees.
No. 4D06-25.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
Rehearing Denied July 19, 2007.
Edward T. Dinna of Law Office of Edward T. Dinna, L.L.C., Fort Lauderdale, for appellant.
John H. Pelzer and Brigid F. Cech of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellees.
WARNER, J.
The trial court dismissed Joseph Elkind's complaint against attorney Kenneth Knox for failure to state a cause of action. In the complaint, Elkind alleged that Knox had represented him in a matter and then relayed confidential information to Elkind's business associates which resulted in the loss of Elkind's employment. The trial court dismissed the action because the confidential information was not relayed during the course of the representation. We hold that a lawyer breaches a legal duty owed to a client when the lawyer discloses confidential communications, and that an action for malpractice lies when the disclosure causes damage to the client. Although the trial court erred in its reasoning, the complaint was properly dismissed because Elkind failed to allege the disclosure of any confidential information. However, we reverse to give Elkind a last opportunity to amend his complaint.
*1090 A motion to dismiss is utilized to determine whether the complaint has alleged a cause of action upon which relief can be granted. Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022, 1024 (Fla. 4th DCA 1996). When considering the merits of a motion to dismiss, a court is limited to the four corners of the complaint. Fresh Capital Fin. Servs., Inc. v. Bridgeport Capital Servs., Inc., 891 So.2d 1142, 1144 (Fla. 4th DCA 2005). The facts alleged in the complaint must be accepted as true and all reasonable inferences must be drawn in favor of the pleader. Id. Therefore, we recite the allegations of the complaint essential to determine the issue presented.
Elkind and a business associate, John Bennett, started a joint venture called Netvision Audiotext, now known as Net Management, which provides internet-related services. The venture hired the law firm of Fisher & Phillips, and specifically Kenneth Knox, to represent the venture, Bennett, and Elkind in a labor dispute brought by Victoria Garrett against the company, Bennett, and Elkind. The suit was one for harassment. Knox entered into an attorney-client relationship with the venture and with Elkind and Bennett individually. The matters involving Garrett were settled, and Knox signed the settlement on behalf of Elkind.
Elkind alleged that Knox had a duty to keep information learned from Elkind through the Garrett investigation confidential and not to use the information to Elkind's detriment. Rather than keeping this information secret, approximately six months after the Garrett matter concluded, Knox wrote a letter to the trustees of Net Management, in which Knox revealed confidential information he learned from the prior representation of Elkind in the Garrett matter. Net Management, in turn, used this information to have Elkind fired from Net Management and removed from the venture, causing him damage. Elkind attached the offending letter to the complaint.
In dismissing the complaint, the trial court determined that Elkind had not stated a cause of action for legal malpractice because Knox had disclosed the confidential information obtained from Elkind after his representation of Elkind, and thus was not in privity with Elkind at the time of the disclosure. As privity is an essential element of a cause of action for legal malpractice, the trial court reasoned that the complaint should be dismissed for failure to allege privity. Elkind appeals.
"For a party to recover for legal malpractice, three elements must be proven: (1) the attorney was employed by or in privity with the plaintiff(s); (2) the attorney neglected a reasonable duty to the client(s); and (3) the negligence proximately caused any loss to the plaintiff(s)." Gresham v. Strickland, 784 So.2d 578, 580 (Fla. 4th DCA 2001). See also Brennan v. Ruffner, 640 So.2d 143, 145 (Fla. 4th DCA 1994) ("In a legal malpractice action, a plaintiff must prove three elements: the attorney's employment, the attorney's neglect of a reasonable duty and that such negligence resulted in and was the proximate cause of loss to the plaintiff.").
Although Knox disputes employment, Elkind alleges that Knox was employed to be both his and the venture's attorney and signed the Garrett release as his attorney. Therefore, at the time of the receipt of Elkind's confidential information during the course of the Garrett matter, Knox was in privity with Elkind. Contrary to the trial court's position, we find no authority which states that Knox must still have been in privity with Elkind when he disclosed the confidential information. Rather, Knox had a continuing duty to his client not to disclose confidences. See R. *1091 Regulating Fla. Bar 4-1.6 & 4-1.9(b). This duty continued even past the termination of the matter for which representation was sought.
In refusing to rely on the Bar rules as establishing a legal duty on Knox, the trial court noted that the Preamble to the Rules of Professional Responsibility provide that "[v]iolation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached." However, the Preamble also states, "[N]othing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such duty." In other words, one must look to the substantive law to determine whether an attorney owes a legal duty to the client.
The relationship between an attorney and his or her client is a fiduciary relationship of the very highest character. Forgione v. Dennis Pirtle Agency, Inc., 701 So.2d 557, 560 (Fla.1997), receded from on other grounds, Cowan Liebowitz & Latman, P.C. v. Kaplan, 902 So.2d 755 (Fla. 2005); In re Estate of Marks, 83 So.2d 853, 854 (Fla.1955) ("An attorney and client relationship is one of the closest and most personal and fiduciary in character that exists."). Our supreme court has recognized that disclosure of confidential information from a fiduciary relationship may state a cause of action. See Gracey v. Eaker, 837 So.2d 348, 353 (Fla.2002) ("Florida courts have previously recognized a cause of action for breach of fiduciary duty in different contexts when a fiduciary has allegedly disclosed confidential information to a third party. See Barnett Bank of Marion County, N.A. v. Shirey, 655 So.2d 1156 (Fla. 5th DCA 1995) (plaintiff entitled to damages for breach of fiduciary duty because bank employee disclosed sensitive financial information to a third party).").
Other jurisdictions have also imposed liability on attorneys for disclosure of confidential information from a client. In Bevan v. Fix, 42 P.3d 1013 (Wyo.2002), the court held that breach of the fiduciary duties of confidentiality and loyalty gives rise to potential civil liability to the former client, and that breach of these duties should be treated as a malpractice action. Id. at 1029-30. See also Griffith v. Taylor, 937 P.2d 297 (Alaska 1997); Apple v. Hall, 412 N.E.2d 114 (Ind.App.1980); West Virginia Canine College, Inc. v. Rexroad, 191 W.Va. 209, 444 S.E.2d 566 (1994). In fact, the Bevan court addressed the very issue of this case and provisions of the Wyoming Rules of Professional Conduct which are nearly identical to those in Florida:
Appellee argues that paragraph [6] of the "Scope" section of the Rules of Professional Conduct prevents this court from recognizing those duties embodied within them when it proclaims:
Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. . . .
W.R.Prof.Cond. Scope ¶ 6.
We respond to this argument simply, by stressing "it is important to remember that attorneys' fiduciary obligations substantially pre-date the ethical codes." Mallen and Smith, Legal Malpractice, Adverse Representation § 17.3 Ethical Considerations. (5th ed. 2000) In fact, preservation of a client's confidences has been described as the "bedrock principle of the Anglo-American legal system." Id. at § 17.5 (quoting In re Complex Asbestos Litigation, 232 Cal.App.3d 572, 283 Cal.Rptr. 732 (1991)).
Id. at 1028. After an extensive examination of the history of the legal duty of attorney confidentiality, the court concluded *1092 that the duty of confidentiality constituted a legal duty of an attorney to a client long before it was included in the ethical rules, and its inclusion as an ethical rule did not thereby eliminate the tort. Id. (citing Maritrans GP Inc. v. Pepper, Hamilton, & Scheetz, 529 Pa. 241, 602 A.2d 1277 (1992)). The Bevan court also concluded that violation of this duty could be enforced through a claim of legal malpractice. Id. at 1029-30.
Because Florida also recognizes the fiduciary obligation of an attorney, we agree with Bevans that the mere inclusion of the duty of confidentiality in the Rules of Professional Responsibility does not prevent the breach of this duty from being enforced as a tort. Further, we also agree with Bevans that it may be enforced as an aspect of legal malpractice, as an essential element of the claim is the breach of a reasonable duty. See Gresham, 784 So.2d at 580. Therefore, we hold that a breach by an attorney of a duty of confidentiality to his or her client which causes damage to the client may be enforced by way of an action for legal malpractice.
Although the trial court erred in its reasoning, we conclude that the complaint in this case did not state a cause of action because it failed to allege the breach with particularity. Elkind states that Knox disclosed confidential information he learned in his representation of Elkind in the Garrett matter, and he specifically alleges those confidences were set forth in a letter from Knox to Net Management. The letter, however, does not appear to contain confidential information. The information relayed in the letter either occurred after the conclusion of the Garrett matter or was information disclosed to others by Elkind. Elkind must allege what confidence was breached and how its disclosure damaged Elkind. While Elkind has previously amended his complaint, he should be given one last opportunity, in light of our holding that a cause of action for disclosure of confidential information can be stated.
While Knox raises the issue of privity, the complaint sufficiently alleges employment to survive a motion to dismiss. Knox represented the joint venture, Elkind, and Bennett in the Garrett matter. Under Rule of Professional Conduct 4-1.7 such joint representation is not prohibited unless the representation is directly adverse between the clients,[1] which the complaint does not allege. Further, the mere fact that Elkind may not have personally paid for Knox does not prevent the formation of an attorney-client relationship. See, e.g., R. Regulating Fla. Bar 4-1.7(e) (upon undertaking the representation of an insured client at the expense of the insurer, a lawyer has a duty to ascertain whether the lawyer will be representing both the insurer and the insured as clients); see also R. Regulating Fla. Bar 4-1.8(f) (stating requirements to be met before a lawyer may accept compensation from a third party for representation of client).
However, we do not address the extent to which any information obtained from Elkind regarding the Garrett matter and received by Knox is confidential with respect to the other clients. For instance, if Knox obtained information from Elkind that he had in fact harassed other employees, that information would be relevant to the defensibility of the Garrett suit and the liability of the company, making it questionable that disclosure of such information could ever be a breach of duty on the part of the attorney. The resolution of these *1093 issues must await an amended complaint which describes what information Elkind claims was disclosed in violation of the duty of confidentiality.
For these reasons, we reverse the dismissal of Elkind's complaint and remand for entry of an order dismissing the complaint with leave to permit one final amended complaint.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] Elkind also attempted to state a cause of action based upon conflict. However, his complaint is deficient on this ground, and he has not alleged how he was damaged other than by the disclosure of confidential information.