POLEN, J.
Appellant, 101 Monument Road, Inc. (“Monument”), timely appeals a final judgment entered in favor of Delta Property Management, Inc. (“Delta”) and all orders subsumed within that judgment. For the reasons explained below, we affirm.
A longstanding relationship existed between Delta’s owners, Gus and Kiki Bart-socas, and Gus Boulis, the former owner of Monument. In 2000, the friends contemplated pursuing investment opportunities in Europe, but Bartsocas lacked enough capital to finance the move. The Bartso-cases owned four commercial properties in the Jacksonville area through Delta. The Bartsocases claimed they had orally agreed on behalf of Delta to transfer the four properties to Boulis’s corporation, Monument, so Boulis could refinance the properties and extract the equity therefrom. Then, Monument would transfer the equity to Delta so the parties could pursue ventures in Europe. Pursuant to the oral agreement, Delta transferred the properties to Monument in late 2000. Boulis died suddenly in early 2001. Following his untimely death, the Bartsocases attempted to no avail to obtain the equity *182 or reacquire the properties from Monument.
Consequently, Delta filed a complaint against Monument asserting breach of an oral agreement and seeking either rescission[1] or damages. Monument asserted twelve affirmative defenses including the statute of frauds. Following trial, the jury concluded that Monument breached its oral agreement with Delta and awarded monetary damages. This court finds competent and substantial evidence to support the jury’s verdict.
We are satisfied for the purposes of this appeal that the only contract at issue dealt with Delta’s conveyance of the four properties to Monument and the intent of the decedent through Monument to convey equity back to Delta once he secured it. Thus, Delta fully performed by transferring the four properties to Monument.
Generally, an oral contract for the conveyance of land is barred by the statute of frauds. § 725.01, Fla. Stat. (2007). However, Delta overcame Monument’s affirmative defense as full performance by one party to the contract works to remove an oral agreement from the purview of the statute of frauds. See Brodie v. All Corp. of USA 876 So.2d 577, 579 (Fla. 4th DCA 2004). Thus, the oral agreement between the parties is enforceable, and the award of monetary damages against Monument for breach is proper.
As to the remaining arguments, we are unpersuaded and affirm.
KLEIN and STEVENSON, JJ., concur.

. Immediately prior to oral argument on this appeal, the parties advised the court the properties were sold in bankruptcy proceedings, and the cross-appeal regarding rescission was moot.