GERBER, J.
The plaintiff appeals from a final order dismissing with prejudice his third amended complaint for breach of an oral contract. The plaintiff argues the circuit court erred in finding, at the motion to dismiss stage, that the oral contract violated the statute of frauds. We agree with the plaintiff and reverse.
In the third amended complaint, the plaintiff alleged the following facts. He entered into the oral contract with the defendant sometime in 2008 to store and secure his boat for $100 per month on a month-to-month basis. The defendant agreed to supply twenty-four hour security and keep the boat free from damage or theft. The boat was worth $175,000. The plaintiff fulfilled all of his obligations under the contract through June 9, 2009. On that date, the defendant breached the contract by failing to provide adequate security, as the boat was stolen. The sheriffs office recovered the boat’s hull minus the engines, which were torn out along with the cables and wiring connecting the engines to the steering column. The damage reduced the boat’s value to approximately $36,000. The plaintiff recovered that amount in mitigating his loss. The plaintiff sought to recover the boat’s lost value from the defendant.
The defendant moved to dismiss the third amended complaint with prejudice. In the motion, the defendant argued: (1) the oral contract violated the statute of frauds; (2) the contract lacked consideration; (8) the third amended complaint failed to state a cause of action for breach of contract; and (4) the plaintiff lacked standing because he sold the boat’s hull and recovered $36,000 in mitigating his loss.
The circuit court held a hearing on the motion. The plaintiff argued that the oral contract did not violate the statute of frauds because he performed the contract by paying the defendant for every month during which he kept the boat with the defendant. The plaintiff also argued that the contract was supported by consideration, that he stated a cause of action for breach of contract, and that he had standing to recover the lost value of the boat.
At the end of the hearing, the court addressed only the argument regarding the statute of frauds. After addressing that argument, the court announced that it was granting the motion to dismiss with prejudice. The court later entered a written order to that effect. The court also granted the defendant’s motion for attorney’s fees pursuant to section 57.105(1), Florida Statutes (2010). The court later issued a written order setting the amount of those fees.
The plaintiff appealed both orders. The plaintiff primarily argues the circuit court erred in finding, at the motion to dismiss stage, that the oral contract violated the statute of frauds. Our review is de novo. See Fresh Capital Fin. Servs., Inc. v. Bridgeport Capital Servs., Inc., 891 So.2d *595 1142, 1143-44 (Fla. 4th DCA 2005) (appeal of an order of dismissal based on the statute of frauds is reviewed de novo).
We conclude the court erred in finding, at the motion to dismiss stage, that the oral contract violated the statute of frauds. The statute of frauds provides, in pertinent part:
No action shall be brought ... whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person ... or upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith....
§ 725.01, Fla. Stat. (2008). Case law interpreting the statute of frauds further has held that “when no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.” DK Arena, Inc. v. EB Acquisitions I, LLC, 31 So.3d 313, 327 (Fla. 4th DCA 2010) (citation and quotation omitted), rev. granted, 47 So.3d 1288 (Fla.2010).
However, “[t]he general rule is that an oral contract for an indefinite time is not barred by the Statute of Frauds. Only if a contract could not possibly be performed within one year would it fall within the statute.” Acoustic Innovations, Inc. v. Schafer, 976 So.2d 1139, 1143 (Fla. 4th DCA 2008) (citation and quotations omitted). Moreover, “full performance by one party to the contract works to remove an oral agreement from the purview of the statute of frauds.” 101 Monument Rd., Inc. v. Delta Prop. Mgmt., Inc., 993 So.2d 181, 182 (Fla. 4th DCA 2008) (citation omitted).
Here, the plaintiffs third amended complaint did not allege the parties agreed on any time for the complete performance of the oral contract or that the parties intended that it should extend for a longer period than a year. Instead, the reasonable inferences arising from the complaint suggest that the oral contract was for an indefinite time and could be performed within one year. See Wallace v. Dean, 3 So.3d 1035, 1042-43 (Fla.2009) (“For ... purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff.”) (emphasis, citations, and quotations omitted). Further, the plaintiff alleged that he fully performed the contract by paying the defendant on a month-to-month basis to store and secure his boat. Thus, the oral contract fell outside the purview of the statute of frauds, at least for purposes of reviewing the defendant’s motion to dismiss. Cf. Fresh Capital, 891 So.2d at 1144-45 (reversing granting of motion to dismiss where, “[a]s alleged in the second amended complaint, [the plaintiffs] referral of each client to [the defendant] amounted to a separate contract which [the plaintiff] fully performed at the time of the referral”) (footnote omitted).
Seeking to avoid reversal, the defendant argues that the court’s order dismissing the complaint with prejudice was correct for the other reasons argued in the motion to dismiss. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which *596 would support the judgment in the record.”). According to the defendant, the contract lacked consideration, the third amended complaint failed to state a cause of action for breach of contract, and the plaintiff lacked standing because he sold the boat’s hull and recovered $86,000 in mitigating his loss.
We disagree with all three arguments. First, the contract was supported by consideration. In order for a contract to be supported by consideration, “[i]t is not necessary that a benefit should accrue to the person making the promise. It is sufficient that something of value flows from the person to whom it is made, or that [the person] suffers some prejudice or inconvenience and that the promise is the inducement to the transaction.” Real Estate World Fla. Commercial, Inc. v. Piemat, Inc., 920 So.2d 704, 706 (Fla. 4th DCA 2006) (citation and quotation omitted). Here, something of value flowed from the plaintiff, who suffered prejudice based on the defendant’s promise. As alleged in the third amended complaint, the plaintiff paid the defendant $100 per month, in exchange for the defendant’s promise to store the plaintiff’s boat and keep it free from damage or theft. The plaintiff was prejudiced when the defendant allegedly allowed the boat to be stolen from its storage facility.
Second, the third amended complaint stated a cause of action for breach of contract. “The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages.” Merin Hunter Codman, Inc. v. Wackenhut Corr. Corp., 941 So.2d 396, 398 (Fla. 4th DCA 2006) (citation and quotations omitted). Here, the plaintiff alleged those elements. He alleged the existence of a valid contract whereby he paid the defendant $100 per month to store his boat and keep it free from damage or theft. He alleged that the defendant materially breached the contract by allowing the boat to be stolen from the defendant’s storage facility. Lastly, he alleged damages measured by the lost value of the boat’s original condition minus the amount which he recovered by selling the hull before he filed suit. Thus, the plaintiff alleged sufficient ultimate facts to show that he is entitled to relief. See Edwards v. Landsman, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011) (“In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief.”) (citation and quotation omitted).
Third, the plaintiff had standing. “To satisfy the requirement of standing ... individuals must allege some threatened or actual injury resulting from the putatively illegal action.” Olen Props. Corp. v. Moss, 981 So.2d 515, 517 (Fla. 4th DCA 2008) (citations and quotations omitted). Here, the plaintiff alleged an actual injury resulting from the putatively illegal action. Specifically, the plaintiff alleged that the defendant breached its contract to keep his boat free from damage or theft, which caused him damages.
We do not address the defendant’s remaining arguments for affirmance, as those arguments go beyond the four corners of the third amended complaint. See Mitleider v. Brier Grieves Agency, Inc., 53 So.3d 410, 412 (Fla. 4th DCA 2011) (“In reviewing an order granting a motion to dismiss, this court’s gaze is limited to the four corners of the complaint.”) (citation and quotation omitted).
Because we reverse the circuit court’s order granting the defendant’s motion to dismiss with prejudice, we also reverse the court’s order awarding the defendant attorney’s fees pursuant to section 57.105(1), Florida Statutes (2010).

*597
Reversed and remanded for proceedings consistent with this opinion.

STEVENSON and LEVINE, JJ„ concur.