# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1494
Lower Tribunal No. 19-9661
_____


**Eduardo Gomez, et al.,**
Appellants,

vs.

**CVPort Services, LLC,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Hevia Law Firm, and Anthony C. Hevia, for appellants.

Martinez Morales, and Raul Morales and Angela Bousalis, for appellee.


Before SCALES, C.J., and GORDO and BOKOR, JJ.

BOKOR, J.

Eduardo Gomez, one of the defendants below, appeals from the trial court's grant of partial final summary judgment. We have jurisdiction.[1] The trial court determined that Gomez owed money to appellee CVPort Services, LLC. Gomez argues that the trial court erred, however, in entering judgment against him based on a two-payee promissory note, because only CVPort demanded judgment. Gomez relies on section 673.1101(4), Florida Statutes, claiming that an instrument payable to two parties jointly must be jointly enforced. CVPort counters that the trial court got it right. This is so because under the plain reading of the full terms and conditions and the undisputed facts, the payees had an option to convert their interest in the note into equity in another venture with Gomez; once the other payee exercised this option, CVPort was left as the only payee and was therefore entitled to enforce the note on its own. For the reasons explained below, we agree with CVPort and affirm.

I.

---

[1] The partial final summary judgment disposes of the entire case as to a party. See Garcia v. Milport Invs. Ltd., 334 So. 3d 734, 737 (Fla. 3d DCA 2022) (explaining that under Fla. R. App. P. 9.110(k) the appellate court has "jurisdiction to review those portions of the challenged orders entering final summary judgment" against a plaintiff where "the challenged orders totally dispose of the entire case as to" that plaintiff).

Gomez (through his company GD Construction, LLC), CVPort, and a third LLC not party to this appeal, Edex Miami LLC, established a joint venture to pursue government contracts. The three parties drafted an operating agreement for the creation of a new company, Pegso Construction, LLC. The operating agreement and an additional contribution agreement set forth capital contributions from each member. A couple months later, Gomez sought to cancel the contribution agreement and retroactively convert CVPort and Edex's contributions into a personal loan. CVPort and Edex terminated the contribution agreement and executed a promissory note converting their contributions into a loan to Gomez. The note granted CVPort and Edex an option to convert their respective interests in repayment of the loan into equity in a venture with Gomez.

In total, based on the promissory note and additional negotiated amendments governed by it, CVPort loaned $307,000 at Gomez' instruction. Edex loaned $154,000. Gomez made no payments towards the note. He did, however, contribute $200,000 in capital to his company, GD Construction, and conducted business through it to procure a bond in its name. After the note's due date, Gomez sent three additional contribution agreements to CVPort and Edex which would have converted the loans into equity in another business venture. Edex signed the additional contribution

3

agreements, but CVPort did not. CVPort filed suit for breach of contract, and eventually moved for summary judgment, which motion was granted. Gomez filed a timely notice of appeal.

II.

Gomez argues that the trial court erred in granting final summary judgment in CVPort's favor.[2] Gomez claims that section 673.1101(4), Florida Statutes, read in conjunction with the promissory note, prevented CVPort from enforcing the note without Edex joining in the enforcement action. So we start with the text of the statute:

> (4) If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. **If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them.** If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

Id. (emphasis added).

Section 673.1101(4) contemplates only scenarios where an instrument "is payable to two or more persons." Id. Gomez argues that the note was payable to "two or more persons," even after Edex' exercise of its equity

---

[2] We review an order granting summary judgment de novo. <u>Volusia County v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126, 130 (Fla. 2000).

4

conversion option. But he does so by looking at only one sentence of the note in isolation: "[P]ay to the order of CVPort Services LLC . . . and Edex Miami LLC . . . ." But, this argument rests entirely on the lone conjunction "and" in the sentence above, and ignores the rest of the terms of the contract.

A court must not read the terms of a contract in isolation. Nabbie v. Orlando Outlet Owner, LLC, 237 So. 3d 463, 466 (Fla. 5th DCA 2018). Instead, it must read all provisions harmoniously to give them effect. City of Homestead v. Johnson, 760 So. 2d 80, 84 (Fla. 2000). It must also endeavor to avoid absurd constructions. Paraiso CU–1, LLC v. PRH Paraiso Four, LLC, No. 3D23–1697, 2025 WL 1386273, at *3 (Fla. 3d DCA May 14, 2025). The interpretation suggested by Gomez would violate all three maxims, ignore a material term of the contract, and fail to account for the undisputed facts of what happened here.

The note contained a provision that allowed either or both Edex and CVPort to convert their interest in the debt into equity in another venture. Edex did so by signing the additional promissory notes (the ones CVPort declined to sign). Once Edex exercised its right under the note to convert the money owed into equity in another venture, it was no longer a payee under the terms of the note: "The Unpaid Principal and accrued interest . . . shall be payable in full . . . **unless converted to equity** . . . .") (emphasis added).

5

The note was therefore no longer "payable two or more persons" as required by section 673.1101(4). We avoid a construction that would render contract terms superfluous, or ignored altogether, not to mention create an absurd result where a payee that already "cashed out" under the note would still be required to sue for money no longer owed. The trial court did not err in its grant of summary judgment.

Gomez asserts an additional argument that a material factual issue remained as to whether CVPort's payments were made under the note for Gomez's benefit or to fund the parties' joint operations. But this is not a material issue. This is so because, for the note to have been supported by consideration, "[i]t is not necessary that a benefit should accrue to the person making the promise. It is sufficient that something of value flows from the person to whom it is made . . . and that the promise is the inducement to the transaction." Real Est. World Fla. Com., Inc. v. Piemat, Inc., 920 So. 2d 704, 706 (Fla. 4th DCA 2006) (quoting Lake Sarasota, Inc. v. Pan Am. Sur. Co., 140 So. 2d 139, 142 (Fla. 2d DCA 1962)); see also Falk v. Salario, 146 So. 193, 195 (Fla. 1933) ("It was not necessary to the validity of the note that the consideration benefited the maker if it benefited others not parties to the note, or was a detriment to the payee."). The parties do not dispute that CVPort paid $307,000 at Gomez' direction. The payment was a detriment

6

and "something of value" which flowed from CVPort, and the promise of Gomez' repayment of the note induced the transaction.

Affirmed.